THOMAS A. WALKER, plaintiff in error, *vs.* ALBERT M. RIXEY, defendant in error.

It is error for the Court to charge the jury upon an assumed state of facts not disclosed by the evidence in the case.

For the necessary facts, see the opinion.

UNDERWOOD & ROWELL; PRINTUP & FOUCHE, for plaintiff in error.

WRIGHT & FEATHERSTON; SMITH & BRANHAM, for defendant.

WARNER, Judge.

This was an action by the plaintiff against the defendant on three promissory notes for the sum of $16,498 00 for the rent of a plantation in the State of Alabama, two of said notes due 25th December, 1867, and the other due 25th December, 1868. The notes were signed by the defendant and Porter, who rented the plantation, as partners, for three years. After working the plantation one year, Rixey, the defendant, came to this State, and one of the main grounds of defense was that the plaintiff had evicted the defendant from the plantation after the first year, and had cultivated the same in conjunction with Porter, the other partner, for the remaining two years. The evidence in the record is quite voluminous, and conflicting in relation to some questions involved in it. On the trial of the case the jury found a verdict for the plaintiff for the sum of $500 00 only. A motion was made for a new trial on several grounds, one of which was that the Court erred in charging the jury at the request of defendant's counsel, that "If the evidence shows that plaintiff and Porter have colluded together, and have taken possession of the farm, and have excluded Rixey the defendant from participation in its management, then Rixey is discharged from liability from the time of such collusion and eviction, and the jury may consider how the cotton raised on the place was marked, how the crops were made, who controled the crops, who made advances, in determining this question." The Court overruled the motion for a new trial, and the plaintiff excepted. In our judgment, the Court below erred in charging the jury in relation to the plaintiff having colluded with Porter to take possession of the farm and excluding the defendant from participation in the management of it, inasmuch as there is no evidence in the record of such collusion to authorize the charge as given. Not being satisfied with the verdict rendered in this case from the evidence disclosed in the record, we reverse the judgment

of the Court below for error in the foregoing charge of the Court to the jury, and order a new trial.

Judgment reversed.