THE STATE *ex rel.* ATTORNEY GENERAL V. WATSON.

1. **St. Louis County Collector.** In the county of St. Louis, as constituted by the scheme of separation, the sheriff is *ex-officio* collector of the revenue.

2. ———: SPECIAL ACT. For many years prior to 1872 the offices of sheriff and collector had been distinct and separate in the county of St. Louis, by virtue of special acts. The general revenue law of that year made them distinct and separate in all the counties in the State. (Wag. Stat., 1178, ⸹ 92.) It also contained special provisions for the election of a collector for the county of St. Louis and for the collection of the revenue in that county, and prescribed qualifications for the collector of that county not required of collectors in other counties. By the enforcing clause the provisions of the act relative to the county of St. Louis were made to take effect immediately upon its approval, the rest of the act not until two months later. *Held* that, so far as the county of St. Louis was concerned, the law must be deemed a special act within the meaning of section 20, article 9 of the constitution of 1875.

*Quo Warranto.*

WRIT DISMISSED.

*J. L. Smith,* Attorney General, *Waldo P. Johnson* and *John. W. McIlhenny* for relator.

*Fisher & Rowell* and *H. A. Clover* for respondent.

HOUGH, J.—This is an *ex officio* information in the nature of a *quo warranto,* brought by the attorney-general against the respondent, John A. Watson, alleging that he has usurped the office of collector of the revenue of St. Louis county. The respondent admits that he is exercising the duties of collector of the revenue of St. Louis county, but avers that he does so rightfully, by virtue of having been duly elected sheriff of the county of St. Louis at the general election in November, 1878, and by virtue of the scheme of separation adopted in pursuance of the provisions of section 20, article 9 of the constitution, whereby the sheriff of St. Louis county is made *ex officio*

collector thereof, and by reason of having been duly commissioned and qualified and having given bond as such. It is claimed on the part of the State, that the office of collector exists in the county of St. Louis by virtue of section 92 of the general revenue law, which declares that "the offices of collector and sheriff shall be distinct and separate offices in all the counties of this State," and that the respondent is holding two offices, in violation of section 18 of article 9 of the constitution, which is as follows: "In cities or counties having more than 200,000 inhabitants no person shall at the same time be a State officer and an officer of any county, city, or other municipality; and no person shall at the same time fill two municipal offices, either in the same or different municipalities, but this section shall not apply to notaries public, justices of the peace or officers of the militia."

Section 20, article 9 of the constitution, which provides for the separation of the city from the county, and the adoption of a charter for the city, and a scheme for the reorganization of the government of the county, declares that said scheme, when adopted, shall supersede all special laws relating to St. Louis county inconsistent therewith. Section 7 of the scheme, as adopted by the people, provides that the sheriff of St. Louis county shall be *ex officio* collector of the revenue of said county. Prior to the adoption of the scheme, and from the 12th day of December, 1836, the offices of sheriff and collector had been distinct and separate offices in the county of St. Louis, by virtue of special laws. The general revenue law in force at the time of the adoption of the scheme, containing section 92 above cited, also contained special provisions for the election of a collector for the county of St. Louis and for the collection of the revenue in said county, and prescribed qualifications for the collector of said county different from those required of collectors in other counties; and the enforcing clause of this act, which was passed March 20th, 1872, made all such provisions relating to St.

Louis county take effect at the date of approval of said act, whereas the remainder of the act was made to take effect on the 1st day of June, 1872. The law in force in St. Louis county in regard to the election of a collector and the collection of the revenue, must, therefore, be deemed to be a special law within the meaning of that provision of the constitution providing for the adoption of the scheme of separation.

The fact that section 92 of this act required, for the first time, that a collector should be elected in every county, does not destroy the special character we have assigned to the provision requiring the election of a collector in St. Louis county. This section, and indeed all those sections relating to the collection of the revenue, are as much special as if they had been embodied in a separate act, and if these provisions had been embodied in a special act, and that act had been repealed, there would have been no law in St. Louis county for the election of a collector or the collection of the revenue. Such repeal could not of itself put in force within the county of St. Louis, the provisions of the general law applicable to the remainder of the State, and the circumstance that some of the provisions of the general law are the same as those contained in the special law, could make no difference, for in such case the rule of action prescribed to be followed exists by virtue of the special law, and not by virtue of the general law. The law requiring a collector to be elected in St. Louis county being a special law within the meaning of that provision of the constitution relating to the separation of the city from the county, it follows that it was competent for the freeholders, in framing a scheme of separation, and in reorganizing the government of the county, to make regulations inconsistent with such special law and thereby abrogate or supersede it, and in making such regulations the freeholders were not bound to substitute for such special law the general law in force elsewhere in the State.

They were bound, however, to conform their action

to the constitution, and if the office of collector were a constitutional office, it would be very clear that they could not have dispensed with it. As the scheme of separation abolished the office of collector in the county of St. Louis by repealing the law providing for the election of a collector there, and imposed upon the sheriff the duties formerly devolved upon him, section 18 of article 9 has no bearing upon the case, even if the second paragraph of that section could be held to apply to counties having less than 200,000 inhabitants, of which we entertain grave doubts. The office of collector, as such, does not exist in the county of St. Louis, and the sheriff is not holding two offices. The return is adjudged to be sufficient, and the writ is dismissed. The other judges concur.