Webster v. Smith.

---

WEBSTER, *Appellant*, v. SMITH.

**St. Louis County**: TAXES: SHERIFF AS EX-OFFICIO COLLECTOR. The sheriff of St. Louis county is in virtue of his office required to collect the revenue, but, when he does so, he does not act as sheriff. In a suit brought by him in his capacity of collector, and to his use as such, it was *held* that the process was properly served by him, as sheriff, and that, under an execution issued upon the judgment in his favor as collector, he properly sold the land and made the deed as sheriff; that, as sheriff, he was not a party to the suit for taxes, and that, as collector, his interest therein was not such as to disqualify him from acting in his capacity as sheriff.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Henry H. Denison* and *B. F. Webster* for appellant.

*Henry R. Watson* for respondent.

HOUGH, C. J.—This is an action of ejectment. The plaintiff claims title under a deed from the sheriff of St. Louis county made to him as purchaser of the premises in controversy, at a sale under an execution issued to the sheriff upon a judgment against the owner, rendered in a

suit for back taxes under the revenue law of 1877, brought by "the State of Missouri at the relation and to the use of John A. Watson, sheriff and *ex-officio* collector of the revenue within and for St. Louis county." The owner of the land against whom suit was brought was a non-resident, and he was notified by publication. The circuit court rendered judgment for the plaintiff. The court of appeals reversed the judgment of the circuit court on the ground that the sheriff was interested in and a party to the suit for taxes, and that under section 3894 of the Revised Statutes relating to "sheriffs and their duties," the writ of execution should have been directed to the coroner, and having been directed to and executed by the sheriff, his conveyance to the plaintiff is a nullity.

Section 6837 of the Revised Statutes provides that all actions for taxes shall be prosecuted in the name of the State of Missouri at the relation and to the use of the collector. Sections 6838 and 6839 require the sheriff to sell the lands under execution, and to make deeds therefor. By section 92 of the act of 1872, (R. S., § 6732,) it is provided that the offices of sheriff and collector shall be distinct and separate offices in all the counties of this State. From the 12th day of December, 1836, until the adoption of the Scheme and Charter in 1876, the offices of sheriff and collector were, by virtue of special laws, distinct and separate offices in the county of St. Louis, and by section 7 of the Scheme for the separation of the city from the county of St. Louis, it was provided that the sheriff of St. Louis county should be *ex-officio* collector of the revenue of said county. In the case of the *State ex rel. Attorney General v. Watson*, 71 Mo. 470, this court held that the office of collector, as such, does not exist in the county of St. Louis. Notwithstanding the fact that the office of collector does not exist in the county of St. Louis as a distinct and separate office, it is too plain for argument, that the person who for the time being is sheriff of St. Louis county, is a collector of the revenue within the meaning of the revenue

law; all the powers and duties of that officer, as prescribed by the revenue law, being by the scheme devolved upon the person who is sheriff. Scheme, § 33.

It must be observed that the duties required by the revenue law to be performed by the collector are not made a part of the duties of the sheriff, as such, but the person who is sheriff, is *ex-officio*, that is, by virtue of being sheriff, also required to collect the revenue as provided by law. When this person acts in the capacity of sheriff, he does not act as collector, and when he acts in the capacity of collector, he does not act as sheriff. That the same person may act in two different capacities under the revenue law, is shown by section 6732, Revised Statutes, which provides that the same person may hold both offices of sheriff and collector, and also by section 6847 which provides when said offices are held by different persons, that "the sheriff may appoint the collector his deputy sheriff, and, when so appointed, he may serve all process in suits commenced under this act with like effect as the sheriff himself might do."

When the collector is a deputy sheriff and serves process, in the service of such process he acts as sheriff, and not as collector. He sues as collector, and serves process as sheriff. So in the case before us, the duties of collector and sheriff being united in one person, and he being required to perform the duties of collector because he is sheriff, when he instituted suit, he could not describe himself in his petition as collector of St. Louis county, for there is no such distinct office as collector of St. Louis county, and in order to accurately set forth his right to sue, it was necessary that he should describe himself as sheriff, and *virtute officii* collector of the revenue. The suit, therefore, is a suit by Watson acting in the capacity of a collector under the revenue law, and not a suit by him as sheriff. As the collector himself may, when he is a deputy sheriff, serve process in a suit brought by him to his own use, it certainly cannot be said to be against the policy of the revenue law that when one

person is both sheriff and collector, process may be served by him, as sheriff, in a suit brought to his use as collector. The statute evidently does not regard the interest of the collector in the result of a suit brought by him to recover the public revenue, as sufficient to disqualify him from serving the process in such suit.

The provision in section 6837, declaring that in suits to collect taxes, " the general laws of the State as to practice and proceedings in civil cases shall apply so far as applicable and not contrary to this chapter," under which it is claimed that the writ of execution should have been directed to the coroner, in our opinion relates to proceedings in court under the general practice act, and not to the statute regulating the duties of sheriff. The revenue law contemplates that the same person may be sheriff and collector, and yet provides in all cases, without exception, that the sheriff shall sell the land and make the deed; and, as we have seen, when said offices are held by different persons, the same person may sue and be authorized to execute process in such suit.

We are of opinion that the relator, as sheriff, was not a party to the suit for taxes, nor was his interest therein as collector such as to disqualify him for serving process therein as sheriff; and we are further of opinion that the writ of execution could not lawfully have been directed to or executed by the coroner, and that the sale was properly made and the deed properly executed by the sheriff.

The judgment of the court of appeals is, therefore, reversed. All the judges concur.