## HART vs. THOMAS & COMPANY.

1. Where a forthcoming bond was given by a claimant of property, payable to the sheriff, under §3729 of the Code, the plaintiff in execution was interested in such bond to the extent of the value of the property, if it did not exceed the amount of his judgment, and he could bring suit on such bond in his own name.

2. A levy, written on the *fi. fa.*, on personal property in a certain house, describing certain items, and then embracing all other goods therein, is sufficiently descriptive of the actual manual seizure or levy thereof by the officer levying, and a forthcoming bond to produce these goods at the place and on the day of sale, covers as well the other goods seized in the storehouse as those specifically described; and in a suit on the bond, the court did not err in not restricting the evidence to the articles particularly described in the written levy.

3. Where, reading the portion of the charge excepted to with the entire charge, it appears that the court has fully submitted the issue to the jury, and has not excluded the theory of one side, a reversal will not be granted on that ground.

4. Where goods of a perishable nature are levied on, after a long litigation over a claim, the claimant having replevied them, it is their value when seized, and not when delivered at the day of sale, postponed many years by the litigation, that should be considered; and a charge that the delivery of the mere skeleton of them on that late day will not satisfy the bond, is the law; and the further charge that the value of the perishable goods so replevied by the claimant should equal what a prudent man in possession of them could have got for them by sale in a reasonable time, is certainly as fair to the claimant as he could reasonably desire.

5. The charge as a whole is not all wrong, and if no particular error is specified, the exception cannot be considered.

6. A ground of a motion not certified will not be considered.

7. Where, on a question of the value of property sued for, the estimates of different witnesses varied, and the jury found a verdict between the highest and lowest estimate, and such verdict was approved by the presiding judge, this court will not interfere.

November 3, 1885.

v 75-34

Actions. Parties. Bonds. Levy and Sale. Charge of Court. Perishable Property. Practice in Supreme Court. Before C. F. Crisp, Esq., Judge *pro hac vice.* Sumter Superior Court. April Term, 1885.

Reported in the decision.

B. B. Hinton, for plaintiff in error.

Guerry & Son, for defendant.

Jackson, Chief Justice.

This was an action on a forthcoming bond made by the claimant and payable to the sheriff under Code, section 3729.

1. The action was brought by the plaintiff in execution, and plaintiff in error insists that it should have been brought by the sheriff, for the use of the plaintiff in execution. Section 13 of the Code declares that "all bonds taken by public officers under the laws of this state shall be returned to the offices specified by law, and any person interested therein may bring suit thereon in his own name in any court having jurisdiction thereof." The plaintiff in execution is interested in this bond to the extent of the value of the property levied on, if it does not exceed his judgment, and may bring the suit in his own name.

2. A levy written on the *fi. fa.* on personal property in a certain house, describing certain items therein, and then embracing all other goods therein, is sufficiently descriptive of the actual manual seizure or levy thereof by the officer levying; and a forthcoming bond to produce these personal goods at the place and on the day of sale covers as well the other goods seized in the storehouse as those specifically described. It is the seizure of the levying officer which constitutes the levy on personalty; the entry on the *fi. fa.* is merely his description thereof, and it becomes necessary that it be accurate and specific mainly when

it is advertised for sale, in order to insure that it brings its full value—that the public may know what will be sold. The court, therefore, did not err in not restricting the evidence to the articles particularly described in the written levy.

3. The above covers the 5th, 6th and 7th grounds of the motion. The 8th rests on an alleged charge that.the judge took it for granted that the jury must give some damage, and excluded thereby no damage. On examining the whole charge, we find that the judge distinctly put the issue of damage or no damage before the jury, and the clause excepted to must be read with this, and when so read, the objection is at an end.

4. Where goods of a perishable nature are levied on, after a long litigation over a claim, the claimant having replevied them, it is their value when seized, and not when delivered, at the day of sale, postponed many years by the litigation that should be considered; and a charge that the delivery of the mere skeleton of them on that late day will not satisfy the bond, is the law; and the further charge that the value of the perishable goods so replevied by the claimant should equal what a prudent man in possession of them could have got for them by sale in a reasonable time, is certainly as fair to the claimant as he could reasonably desire.

5. The charge as a whole is certainly not all wrong, and as the next ground specifies no particular error, it cannot be considered.

6. The last ground of the amended motion is not certified.

7. And this brings before us the original motion, which is that the verdict is contrary to law and evidence and more than plaintiff's demand.

The evidence of one witness is that the property was worth a thousand dollars when levied on, and that of another reduces it to some two or three hundred dollars. The bond is for twelve hundred dollars, showing the esti-

mate to be $600.00 by the levying officer, when he levied. The verdict is $712.50. The jury settled it within the range of the testimony, the presiding judge approved it, and on such issue of values this court does not interfere, if it be within the differing estimates of value. Nor is the verdict beyond the judgment with interest thereon up to the trial. On the contrary, it seems, by calculation, to be the principal debt recovered, with interest on it for ten years, about the time between the date of the judgment and the date of trial on the bond, which leaves out some forty dollars of interest up to judgment, and the costs of the litigation, if the latter should be counted. The only doubt about the case at all is the value of the property levied on, which may be too much; but the jury and presiding judge both finding it and satisfied with it, under the well settled rule with this court for many years, we are not at liberty to make a verdict for ourselves.

So that the conclusion is that the verdict is not unsupported by sufficient evidence, nor more than the plaintiff's judgment with interest, nor more than the jury might have found from the evidence that the personalty in the storehouse was worth.

See, cited by plaintiff in error, 9th *Ga.*, 42; Dicey on Parties, pp. 83, 84, 94–5–6, 115; Code, §§3257, 3729, 3674; 44 *Ga.*, 28; 61 *Id.*, 391. None of which militate, we think, with the views above given upon our own statutes and the laws of our state.

Judgment affirmed.