WORTSMAN *et al. vs.* WADE, U. S. Marshal, for use.

Where a levy was made by a marshal of 'the United States, a claim was interposed, and a forthcoming bond was given, payable to such marshal and his successors, conditioned for the forthcoming of the property levied on and claimed, and where subsequently the successor of such marshal brought suit in a State court on such forthcoming bond, for the use of the plaintiffs in attachment, who were non-residents of the State, the marshal was merely a formal party, without interest in the subject-matter of the suit, the plaintiffs in attachment being the real plaintiffs in the action, and they could remove such action to the circuit court of the United States on the ground of their non-residence, although the marshal was a citizen of this State.

(*a.*) The giving of a bond for the forthcoming of property in a claim case was a proceeding unknown to the common law and is peculiar to the remedies provided by the statutes of this State; and while generally an action on a contract should be brought in the name of the party in whom the legal interest is vested, yet a suit on such a bond is for the benefit of the plaintiffs in *fi. fa.*, who are the real parties plaintiff; and in this respect it differs from a bond given when an affidavit of illegality is interposed to a levy.

November 23, 1886.

United States Courts.   Removal of Causes.   Parties. Claims.   Before Judge HARDEN.   City Court of Savannah. July Term, 1886.

Reported in the decision.

GARRARD & MELDRIM, for plaintiffs in error, cited: 68 *Ga.* 394; 3 Woods R. 128; 117 U. S. 432; 74 *Ga.* 634; 10 Fed. R. 312; 14 *Id.* 369; 18 *Id.* 193; Code, §§3672–4, 3324–6, 3486, 3655–6; 54 *Ga.* 676–8; 55 *Id.* 606; 63 *Id.* 433; 45 *Id.* 167; 43 *Id.* 354, 182; 59 *Id.* 646; 4 Woods R. 521; 3 *Id.* 277–80; 9 Biss. 374, 318, note; 14 Blatch. 450; 8 Abb. Nat. Dig. 551; 26 Fed. R. 40; 11 Wall. 174–6; 73 *Ga.* 8, 15; Rev. Stat. Wis. (1858) 741, 747.

W. HAMPTON WADE; CHAS. N. WEST, by JOHN M. GUER- ARD, for defendant, cited: Code, §§3325, 3674; 6 *Ga.* 262; 29 *Id.* 110; 5 Cranch. 303; 14 Peters 293; 2 How. 9; 14 *Id.* 586; Tidd's Pr. 979; 20 John. 475; 5 Cow. 17; 2 *Id.* 460; 17 *Id.* 222; 9 *Id.* 166; 1 Denio, 656; 7 Wend. 497; 1 *Id.* 295; 10 *Id.* 622; 13 Pick. 152; 1 *Id.* 275; 8 Mass. 488; 16 *Id.* 488.

HALL, Justice.

Edward C. Wade, United States marshal for the South- ern District of Georgia, who avers himself to be a citi- zen of this State, brought suit in the city court of Savan- nah, for the use of Curtis & Wheeler, who are alleged to be citizens of New York and residents of that State, upon a bond taken in a claim case, returnable to the circuit court of the United States for the Eastern Division of the South- ern District of Georgia, payable to Wade's predecessor in the office of marshal and his successors, and conditioned for the forthcoming of the property levied on and claimed by virtue of an attachment in favor of the usees, issuing from and returnable to said circuit court, against the de- fendants in attachment, who with their sureties executed and delivered said bond, and all of whom are citizens of and residing in the State of Georgia. The said usees, Curtis & Wheeler, averring themselves to be the real

plaintiffs in the action brought in the name of the marshal, for their use, with all other necessary and proper averments as to the citizenship of the parties and the amount in controversy, petitioned the said city court for a removal of said cause from the said court to the circuit court of the United States for the Eastern Division of the Southern District of Georgia, accompanying the petition with the bond required by the act of congress in such case made and provided. The city court granted the prayer of the petitioners and ordered the cause removed. The defendants in the suit contested the right of the petitioners to have the cause removed, solely on the ground that the plaintiff, who was a citizen and resident of the same State with the defendants, was a necessary and essential party to the proceedings to remove the same, and if this was so, the cause could not be removed to the circuit court of the United States, according to the requirements of the act of congress under which the proceedings were had; on this ground alone, they excepted to the decision of the city court and brought it here by writ of error for review.

Counsel for the plaintiffs in error concede that if the plaintiff in the court below was not a necessary though a proper party to the suit, it was not essential to unite him with the usees in their petition for the removal; and whether he is such necessary party is to be determined by the laws of the State, it being the duty of the United States courts to conform their practice and pleading to that of the States in which they are sitting, under the act of congress of 1872, in relation to that subject.

Whether the marshal, who stands in the place of the levying officer of the State, under the circumstances, is such necessary party will depend upon his right to control the case, as well as upon his liability for the consequences of instituting and prosecuting it under our laws. The obligation on which the action is founded was taken in a proceeding unknown to the common law and peculiar to the remedies provided by our statutes; according to these

statutes, we are of opinion that, although his name should be used, inasmuch as the bond is payable to him and his successor in office, yet the suit is not his, but is the suit of the parties for whose use it is brought and to enforce whose rights it is prosecuted.   While, as a general rule, it is true, as declared by our code, §3257, that the action on a contract, whether by parol or under seal or of record, should be brought in the name of the party in whom the legal interest is vested, yet it does not thence follow that he must take the beneficial interest as contradistinguished from the legal title thereunder.   The legal title is vested in every naked trustee, yet the entire beneficial interest is in the *cestui que* trust for whose use he holds.   When property is levied on and claimed by a third person, it is made the duty of the levying officer, when the claimant shall desire to have the possession of it, to take bond, with good security, in double the value of the property so levied on, which shall be made payable to such levying officer in a sum equal to double its value, conditioned for the delivery of the same at the time and place of sale, provided it shall be found subject to the execution; and when the forthcoming bond is executed and delivered, it becomes the further duty of the levying officer to have the property in the possession of the claimant.   And if the claimant or his security shall fail to deliver the property as agreed, the bond is made recoverable in any court having jurisdiction of the same.   Code §§3728, 3729, 3730. There is no legal obligation, by the terms of the statute, vesting on the levying officer to institute any suit on this bond for his own benefit, nor is he expressly authorized to do so, as he would appear to be in cases where an affidavit of illegality is interposed to the levy of an execution.   The levying officer may take the forthcoming bond, but he is not bound to do so, for it is expressly provided that the taking thereof shall not, in any case, prejudice or affect the rights of the plaintiff, but shall relate to, and have effect alone between, the officer to whom it is given

and the defendant; and it affords no excuse to the officer for not having made the money on the execution by reason of having taken the bond; he is notwithstanding liable to be ruled, just as he would be in case no such bond had been given. Code, §§3672, 3674. Why such a difference is made in cases so closely analogous, it may be somewhat difficult to understand, but *ita lex scripta est*, and the clearly expressed will of the legislature must be taken by the court as an all-sufficient reason for the difference. When property levied on by attachment is claimed and replevied, the same rule obtains as where it is seized by execution; the levying officer is required to leave the property with the claimant and to return this bond, together with the damage bond, to the court to which the attachment is made returnable: in this case, this is an express provision of the law, and in the case of claims and replevies of property levied on under penal process, the unvarying practice has been, so far as we are informed, to return the forthcoming bond with the other papers in the case.

In the case of attachments, the levying officer, upon breach of the condition of the forthcoming bond, is, by the express terms of the statute, allowed to sue and recover the full value of the property claimed, and also all damages, costs and charges that the plaintiff may have sustained in consequence of the claimant's failure to deliver the property. Code, §§3324, 3325. It is somewhat singular that where property levied on under execution is claimed and a bond given for its forthcoming, there is no such express authority given the levying officer to sue for its value or the costs or charges resulting from the breach of its condition. That the usee in such a case is the real and the plaintiff the nominal party, is evident from other provisions of the code, which (§2903) declares, if the plaintiff sues for the benefit of another person, a set-off against the beneficiary shall be allowed. Again, a nominal party or naked trustee cannot receive payment with-

out authority, and if it be made collusively and with intention to defeat the true owner; it has no effect.  *Ib.* §2865.  We hazard little in saying that, prior to the code, no case can be found where suit has been brought by a private person for his use in the name of an officer of the government or the court, to whom the bond, the foundation of the suit, is made payable by law, in which the plaintiff has been held responsible for cost or other damage resulting therefrom to the opposite party; the liability for such charges is upon the usee.  This matter is now put to rest by §13 of the code, which gives to the person interested the right to bring suit on the bond in his own name.  In addition to the cases cited on the briefs of counsel, the following, together with others which might be cited from our reports, show that the usee and not the plaintiffs is regarded as the real party.  Thus, in a suit in the name of the governor for the use of sundry execution creditors on the official bond of the sheriff, where it appeared that the claims of the several usees were separate and distinct, it was held that there was a misjoinder of plaintiffs as well as distinct causes of action, and that the declaration was for that reason bad.  *The Governor, for the use, &c. vs. Hicks et al.* 12 *Ga. R.* 189; *Glenn vs. Black et al.* 31 *Ib.* 393; *Sharman, sheriff, for the use, vs. Walker*, 68 *Ib.* 148.  The last two cases impliedly, if they do not expressly, recognize the usees as the real parties to the action.  According to our code, §3486, when it becomes necessary for the purpose of enforcing the rights of a plaintiff, he may amend by substituting the name of another person in his stead, suing for his use.  More directly in point, however, is the case of *Edwards vs. Perryman et al.* 18 *Ga.* 374, 377, 378, where the trustee of a married woman dismissed a suit brought by her in the name of her trustee and a *prochein amy*, and the trustee, without consulting her, dismissed the same, it was held that, as she was the party most interested in the subject matter of the suit, he had no authority to dismiss it

and could do nothing to prejudice her rights, and therefore, upon her motion, the suit was reinstated. Inasmuch as these usees were the real plaintiffs in this action, and the marshal was only a formal party without apparent interest in the subject of the suit, and as they were residents and citizens of another State, and all the defendants were residents and citizens of Georgia, and the amount in controversy exceeded five hundred dollars, we are of opinion that the cause was properly removed upon their application; and none of the exceptions to the action of the court in this respect are well taken.

Judgment affirmed.