KING, sheriff, for use, *v.* CASTLEN *et al.*

1. As the statute (Code, §3728) prescribes the condition of all forthcoming bonds which the levying officer is authorized and required to take in claim cases, the officer has no power to take a forthcoming bond with a different condition, or to qualify or vary the prescribed condition by any agreement whatever made with the claimant or with the surety by whom the statutory bond is executed. Any such agreement is simply void and without effect as against an action upon the bond brought after the termination of the claim case by the plaintiff in execution, or by the officer for his use.
2. The sheriff having levied on personal property which was claimed by another who replevied the same by giving a bond with security, conditioned, as required by section 3728 of the code, to deliver the property "at the time and place of sale," in case the same

should be found subject to the *fi. fa.* levied, and there having been a failure to deliver the property at the court-house door after the same had been found subject and duly advertised for sale by the sheriff, it was no defence to an action upon this bond, brought by the sheriff for the use of plaintiff in *fi. fa.* against the claimant and the surety for breach thereof, that he had induced the defendants to sign the bond by promising them he would not require the property, which was heavy and expensive to transport, to be brought to the court-house door, but would sell it where it was; or that he repeated this promise after the bond had been executed. The court-house door was the only place where the sale could be legally made, whether the sheriff brought and exhibited the property there or not, and consequently, the terms of the bond as to time and place of delivery were not ambiguous and could not be varied by parol evidence tending to show that the defendants had agreed to deliver at some other place. The provisions of section 3646 of the code, relieving levying officers in certain instances from removing heavy property to the court-house door, were made for the benefit of the officers and the parties to processes levied by them, and not for the benefit of other persons who may voluntarily contract in writing by a statutory bond to deliver such property at the court-house door.

April 3, 1893. Argued at the last term.

Before Judge Boynton. Monroe superior court. February term, 1892.

King, sheriff, suing for the use of Rhodes & Waters, brought his action against Mary A. Castlen, principal, and I. S. Maynard, security, upon a bond given by Mrs. Castlen and Maynard for the forthcoming "at the time and place of sale" (sheriff's) of a stationary boiler and detached engine, coupler and fixtures, and a gin, feeder and condenser, which had been levied on under an execution in favor of Rhodes & Waters against I. H. Castlen, and claimed by Mrs. Castlen. The pleas of defendants were demurred to, except that of the general issue, on the ground that they set forth no valid or legal defence to the suit, and were an effort to engraft by parol additional stipulations upon the written contract sued on. This demurrer was overruled, and the plaintiff excepted to this ruling and to the refusal of a new trial after verdict for defendants.

The pleas in question were: It was lawful for the sheriff to have sold the property levied on, as the same was difficult and expensive to transport; and it was upon the statement of the sheriff that he would sell the property where it was, that defendants were induced to sign the bond sued on. Defendants cared for and protected the property where it was and had it there, subject to the order of the sheriff, on the day of sale, and the sheriff desired to carry out his agreement with defendants and sell the property where it was, as the law allowed him to do, but was prevented from doing so by plaintiff's attorney. The bond sued on has not been forfeited in terms of the law. Maynard was induced to sign it through fraud, accident and mistake; for at the time of signing it the sheriff told him it would be no trouble to him (defendant), because if the property was ever sold, he (the sheriff) would sell it where it was, and not require the property to be brought to the court-house on the day of sale—that the law allowed the sheriff to do so; and the sheriff then and there promised to sell it where it was and not require it to be brought to the court-house on the day of sale. To be sure about this being lawful, defendant went with the sheriff to the office of a firm of lawyers (not plaintiff's attorney) and asked them if the law would allow the sheriff to sell the property where it was and not require it to be brought to the court-house on the day of sale, and they answered that the sheriff could sell the property as aforesaid; and it was upon this representation and understanding that the defendant was induced to sign the bond. And that the sheriff made the same promise and entered into the same agreement after the bond was executed.

The motion for new trial contains the grounds that the verdict was contrary to law, evidence, etc., and the following: The court erred in admitting the testimony of Maynard, to the effect that the sheriff told

him there would be no trouble to him, because if the property was ever brought to sale he (the sheriff) would sell the same where it was and not require the property to be brought to the court-house on the day of sale, before he signed the bond sued on, and that the sheriff made the same promise and entered into the same agreement after the bond sued on was executed, etc. Plaintiff objected to said testimony, because all stipulations made prior to the execution of the bond were merged in writing; because it is not competent to vary the terms of the written contract by parol; because, the plaintiff in *fi. fa.* being the real party at interest, and for whose benefit a forthcoming bond in claim cases is taken, no subsequent conversation or agreement by the sheriff can affect the rights of the plaintiff in *fi. fa.*; and because the bond sued on was not ambiguous and its terms needed no explanation.

The court charged : " The law authorized the sheriff to sell the property without having it present at the county site, but to sell as located at the place where it was found and levied upon, if he saw proper to do so, if it be heavy machinery and difficult and expensive to move. The law would authorize him to make such a sale, and it was in his power and discretion so to sell it without removing it to the county site; and it being in his power to sell it in that way, if he stipulated with Mrs. Castlen principal, and Mr. Maynard her security, to take a bond that the property should be sold without being brought to the county site, but that it would be sold at the place where he found it and where it was located, if he stipulated with them that the property should be sold in that way, and that the delivering the property at the place designated would be recognized by him as a sufficient compliance with the bond, he had the right to make such a contract; and if he had made such a contract with them and they became liable for the de-

livery of the property under the terms of such a con-
tract as that, then, if you believe from the testimony
that the property was machinery, heavy machinery,
difficult and expensive to move, and that the sheriff de-
termined that he would sell it without moving it, would
sell it as located upon the premises where it was found
and levied upon, and if he so notified the bondsmen as
an inducement for them to give the bond, and stipulated
with them that the delivery of the property at the place
stipulated for the delivery would be a compliance with
the bond, then the sheriff would have no right to re-
cover unless the bondsmen had placed it out of his
power to deliver the property at that place.  If you be-
lieve from the evidence that such a contract was made,
that such a stipulation was made by the sheriff with
the bondsmen, and that the property was advertised for
sale, and if the sheriff failed to advertise it for sale as
being at the place where it was at the time of levy, yet
if the securities were then ready and offered to deliver
it then to the sheriff whenever he should demand it,
that is to deliver it at that place where the property
was found, when he should demand it, and if the sheriff
failed to advertise it for sale in that way, then the
plaintiff would not be entitled to recover."  Alleged to
be error, because it allowed the written contract sued
on to be varied by parol; because it recognized the
right of the sheriff to bind plaintiff in *fi. fa.*, the real
party in interest, by conversations in his absence; and
because the sheriff only has a right under the law to
sell personal property at a place different from the
regular place of sheriff's sale, when there is no forth-
coming bond and when the property is in the custody
and control of the sheriff, with which principle of law
the charge conflicts.

S. N. WOODWARD, for plaintiff.

No appearance for defendants.

BLECKLEY, Chief Justice.

The two sections of the code referred to in the head-notes read as follows: " In all cases where a levy is made upon property that is claimed by a third person, and such person shall desire the possession thereof, it shall be the duty of the sheriff, or other levying officer, to take bond with good security for a sum equal to double the value of the property levied on, to be estimated by the levying officer, for the delivery of such property at the time and place of sale, provided the property so levied upon shall be found subject to such execution; provided, that it shall not be lawful to require or take a forthcoming bond for real estate." §3728. " No sales shall be made, by the sheriffs or coroners, of property taken under execution, but at the court-house of the county where such levy was made, on the first Tuesday in each month, between the hours of 10 A. M. and 4 P. M., and at public outcry; provided, that in all cases where any sheriff, coroner or other levying officer, shall levy any execution, or other legal process, upon any corn, lumber, timber of any kind, bricks, machinery, or other articles difficult and expensive to transport, it shall and may be lawful for said officer to sell said property without carrying and exposing the same at the court-house door on the day of sale; provided, also, that said levying officer shall give a full description of said property, and the place where said property is located, in the advertisement of the sale." §3646. Read in the light of these provisions of the code and of the official report, the head-notes will be clearly understood, and they are so full that no expansion of them seems necessary. The court erred in not granting a new trial.                    *Judgment reversed.*