935. ROWLAND *v.* PAGE, constable, for use, etc.

HILL, C. J. 1. Section 5436 of the Civil Code prescribes the condition of a forthcoming bond authorized to be taken by the levying officer, and the officer has no right to vary the condition by any agreement with the defendant in execution. Any such agreement is void and without effect as to the right of the plaintiff in execution, and can not be set up as a defense to a suit on the bond, brought by the officer, for the use of the plaintiff in execution. *King* v. *Castlen,* 91 *Ga.* 488 (18 S. E. 313).

2. That the security on a forthcoming bond was induced to sign it by a fraudulent promise or representation made by the levying officer, where the plaintiff was not privy to the fraud, constitutes no defense to a suit on the bond. If the levying officer deceived or misled the surety, to his hurt, the redress is against him. Civil Code, §5437; *Craig* v. *Herring,* 80 *Ga.* 709 (5), (6 S. E. 283).

3. "In an action on a forthcoming bond, no issue can properly be raised as to the title to the property involved. The only question to be decided is whether or not there has been a breach of the bond." *O'Neill Mfg. Co.* v. *Harris,* 127 *Ga.* 641 (56 S. E. 739); *Hatton* v. *Brown,* 1 *Ga. App.* 747 (57 S. E. 1044).

4. Where the property of a tenant was levied upon under an execution, and a forthcoming bond was given by him, with his landlord as security, the tenant could not thereafter deliver the property to the landlord in settlement of a debt to the landlord, and thereby release the latter from liability on the bond. *Barfield* v. *Covington,* 103 *Ga.* 190 (29 S. E. 759). *Judgment affirmed.*

Certiorari, from Johnson superior court—Judge Rawlings. November 26, 1907.

Argued February 18,—Decided April 22, 1908.

An execution against Outlaw was levied on certain corn as his property, and he replevied the property, executing a forthcoming bond with Rowland as security, payable to Page, constable, the levying officer. To a suit on this bond, brought in a justice's court by Page, as constable, for the use of the plaintiff in execution, against the principal and the surety, Rowland pleaded, in substance, that the corn levied on was his own property and was never the property of Outlaw; that he was Outlaw's landlord and the corn was raised by Outlaw as his cropper; that at the time of the levy the levying officer was apprised of these facts, but induced him to sign the bond by promising to hold up the levy until he (Rowland) and Outlaw could have a settlement between themselves, and that if nothing was due Outlaw the bond was to be void; that the officer did not comply with the terms of the agreement, and thus practiced a fraud upon him; that he, as landlord, had a settlement with Outlaw, and it was found that he owed nothing to Outlaw, but that Outlaw was indebted to him. The justice, on demurrer, struck the pleas, and the superior court, on certiorari, sustained this judgment and dismissed the certiorari. Rowland excepted.

*William Faircloth, B. B. Blount, Hines & Jordan,* for plaintiff in error. *E. L. Stephens,* contra.