11339, 11352.   ARNOLD & SON *v.* RHODES *et al.;* and *vice versa.*

1. The exceptions pendente lite referred to in the main bill of exceptions cannot be considered by this court, because in each case error was assigned upon the judgment complained of in the exceptions pendente

lite and not upon the exceptions pendente lite themselves. *Ponder* v. *State*, 25 *Ga. App.* 768 (105 S. E. 318), and cases cited.

2. Where an execution has been levied and a forthcoming bond given under § 6041 of the Civil Code of 1910, and the bond has been breached by failure to deliver at the time and place of sale the property levied upon, it is no defense to a suit on the bond that at the time and place of sale the sheriff had in his hands executions which were "superior liens" to that execution and were sufficient in amount to have taken the entire fund arising from the sale if the property had been sold.

3. Granting that the charge of which complaint is made in the 3d ground of the amendment to the motion for a new trial is erroneous, it was not harmful to plaintiffs, as, by agreement of counsel, the jury were instructed to specify in their verdict upon which plea they based their verdict, and they found in favor of the plaintiffs on the plea about which the court was instructing them when the excerpt from the charge embodied in this ground of the motion was given. Moreover, in *Rowland* v. *Page*, 4 *Ga. App.* 269(1) (61 S. E. 148), this court held that "Section 5436 of the Civil Code [Civil Code of 1910, § 6041] prescribes the condition of a forthcoming bond authorized to be taken by the levying officer, and the officer has no right to vary the condition by any agreement with the defendant in execution. Any such agreement is void and without effect as to the right of the plaintiff in execution, and can not be set up as a defense to a suit on the bond, brought by the officer, for the use of the plaintiff in execution. *King* v. *Castlen*, 91 *Ga.* 488 (18 S. E. 313)."

4. It was not error for the court to charge that "in order for the plaintiff to recover in this case, he must show that there has been a breach of the bond, and that the plaintiff has been damaged by such breach." See *Redwine* v. *Street*, 18 *Ga. App.* 77 (3) (89 S. E. 163); *Grace* v. *Finleyson*, 10 *Ga. App.* 480(1) (73 S. E. 869).

5. There was no error harmful to the defendants in any of the rulings on the pleadings, complained of in their exceptions pendente lite and brought to this court by cross-bill of exceptions.

DECIDED DECEMBER 17, 1920. REHEARING DENIED DECEMBER 23, 1920.

Action on bond; from city court of Elberton — Judge Tutt. January 19, 1920.

Application for certiorari was denied by the Supreme Court.

*J. N. Worley, W. A. Nall,* for plaintiffs.

*Z. B. Rogers,* for defendants.

BLOODWORTH, J.   Only headnotes 2 and 5 need elaboration. The principles underlying each are the same, and they will be covered by the same general discussion. This case arose by reason of the levy of an execution, the giving of a forthcoming bond, and a breach of the bond, the action being against the principal and the surety on the bond. Upon the trial the jury found in favor of the defendants, and the plaintiffs excepted. It is alleged that the

court erred in admitting in evidence, over the objection of the plaintiffs, certain executions against Rhodes, the principal defendant, of older date than the one in their favor which was levied upon the property for which the forthcoming bond was given, and in charging the jury as follows: " Defendants further say that there were other fi. fas. in the sheriff's hands, claiming the funds arising from the sale of the property of W. L. Rhodes, sufficient in amount to cover the entire proceeds of the sale of said property; that these fi. fas. were valid and subsisting liens against the defendant, W. L. Rhodes, of superior dignity to the fi. fa. of plaintiff, W. T. Arnold & Son; that even had the property been sold by the sheriff at the time and place of sale under the terms of the said bond, these older fi. fas. would have taken all the proceeds of the sale, and there would have been nothing to apply to the fi. fa. of W. T. Arnold & Son; that for this reason the plaintiffs have not been damaged. In other words, the defendants say that even had they produced the property at the time and place of sale, and had the property been sold under the fi. fa., the plaintiffs would have received nothing on their fi. fa., and that therefore they have not been damaged." " I charge you that if you believe, from the evidence, that there were in the hands of the levying officer, at the time the property levied on was advertised for sale, fi. fas. in favor of other persons than A. S. Hawes, that those fi. fas. were valid and liens against the defendant Rhodes, and that these fi. fas. were older and superior in dignity to the fi. fa. of Arnold, and if you believe that these fi. fas. were sufficient in amount to cover or take up the proceeds of the sale of the property had it been sold by the sheriff at the time and place advertised, and had the property been sold the proceeds thereof would not have paid off these older fi. fas., then the plaintiff would have suffered no damage, and the plaintiff cannot recover. If you find that the amounts of these older fi. fas. was not as much as the property would have brought had it been sold by the sheriff, then you should find for the plaintiff the difference between the amount of the fi. fas. and the sum the property would have brought had it been sold as advertised. If you believe the property levied on would have brought more at such sale than was due on these several older fi. fas., then you would be authorized to find in favor of the plaintiff for the difference."

The exceptions to these instructions are well taken. It is no defense to a suit on a forthcoming bond like the one sued on that at the time and place of sale the sheriff had in his hands executions which were "superior liens" to the execution levied, and which, it is alleged, would have taken the entire fund arising from the sale of the property had it been sold. It will be noted that this bond was not given in a claim or illegality case, but was executed under and by virtue of § 6041 of the Civil Code of 1910, and the only condition therein is that the property should be delivered to the officer "at the time and place of sale." The petition shows that after the bond was given the property was "duly and legally advertised for sale," and that "the defendant, contrary to the obligations of said forthcoming bond, failed and refused to deliver up, at the time and place advertised for the sale thereof, the fifteen bales of said cotton described in said bond." This clearly alleged a breach of the bond, for "the breach is occasioned if the officer regularly advertises the property for sale and it is not produced at the time and place of sale." *Hogan* v. *Morris*, 7 *Ga. App.* 232 (1) (66 S. E. 550), citing *Thompson* v. *Mapp*, 6 *Ga.* 260; *Mapp* v. *Thompson*, 9 *Ga.* 42; *Carr* v. *Houston Guano Co.*, 105 *Ga.* 268 (31 S. E. 173). In *Roebuck* v. *Thornton*, 19 *Ga.* 151, the Supreme Court — Benning, J., delivering the opinion — said: "By a statute of ours a sheriff may leave the property in the possession of the defendant in fi. fa. if the defendant will agree to have it forthcoming at the time and place of sale, and will give his bond to that effect (Pr. Dig. 465). . . When the defendant gives bond under this statute, he acknowledges that he from thence forth holds the property, not for himself, but for the sheriff; he acknowledges that his possession is the sheriff's possession; he becomes the sheriff's agent." See *Reynolds Bkg. Co.* v. *Southern Pacific Guano Co.*, 140 *Ga.* 500 (1) (79 S. E. 132). So it was as much the duty of the defendant and his bondsman to have the property at the time and place of sale as it would have been the duty of the sheriff to have it there had no bond been given. Without bond it would have been the duty of the sheriff to sell the property at the time and place advertised. Had he failed to do this, and a rule had been brought against him for such failure, it would not have been a good defense that he had in his hands executions that were superior liens on the property to the execu-

tion levied; nor can the defendant, " the agent of the sheriff,"
or his bondsman, defend a suit on the bond for this reason.

In *Aycock* v. *Austin,* 87 *Ga.* 568 (13 S. E. 582), it was held
that where a defendant in execution gave a forthcoming bond and
failed to produce the property at the time and place of sale, he
was liable for the breach of the bond even though a third person
on the day of sale filed a claim to the property which was accept-
ed by the sheriff.   The Supreme Court said in that case: " The
defendants obligated themselves to deliver the cotton to the sheriff
on the day of sale.   When that day arrived and they failed or
refused to deliver the cotton, there was a breach of the bonds.   The
fact that a third person on the same day filed a claim to the
cotton did not release Aycock and Almond from their obligation to
deliver the cotton to the sheriff on that day, nor did the fact that
the sheriff accepted the claims and returned them to the court
release them.   When the condition of the bonds was broken, the
sheriff had the right to commence his action thereon, and to recover
the value of the cotton for the use of plaintiff in fi. fa.   When he
recovers the money it will be his duty to hold the same until the
claim cases are disposed of."   In the instant case the defendant
or his bondsman should have delivered the cotton levied on to
the sheriff at the time and place of sale so that it could have been
sold by the sheriff and the proceeds thereof properly distributed
under order of the court.   In *Barfield* v. *Covington,* 103 *Ga.* 192
(1) (29 S. E. 760), the Supreme Court says: " The forthcoming
bond given to the sheriff by Barfield as principal, and Owens as
surety, was executed under section 5436 of the Civil Code [Civil
Code of 1910, § 6041], and the failure to deliver the property
described in the bond, at the time and place of sale, was a breach
thereof, for which the sheriff could recover of them the value of
such property.   They could not relieve themselves of their obliga-
tion to produce the property by subsequently applying it to the
payment of rent due by Barfield to Owens.   While Owens had a
landlord's lien for rent upon the crops grown upon the rented
premises during the year 1894, superior to the lien of the common-
law judgment of Bullock, Bush & Co., yet, in order for him to have
realized the benefit of such superior lien, under the facts of this
case, it was necessary for him to have sued out a distress warrant
against Barfield, placed it in the hands of the sheriff, and demanded

that the proceeds of the sale of the crop be applied to the satisfaction of the lien for rent in preference to the judgment lien. In such an administration of the property by the court, the rights of all parties interested therein could have been determined, according to the facts of the case. The suing out of the distress warrant by Owens and placing it in the hands of the sheriff, after the property had been applied to the payment of the rent, did not affect the liability of Barfield and Owens for the breach of the bond." In *Rowland* v. *Page,* 4 *Ga. App.* 269 (4) (61 S. E. 148), this court held: " Where the property of a tenant was levied upon under an execution, and a forthcoming bond was given by him, with his landlord as security, the tenant could not thereafter deliver the property to the landlord in settlement of a debt to the landlord, and thereby release the latter from liability on the bond." See also *Wall* v. *Finney,* 136 *Ga.* 110(1), 112 (70 S. E. 658); *Anderson* v. *Banks,* 92 *Ga.* 121 (18 S. E. 364); *Giddens* v. *Dismukes,* 29 *Ga.* 110.

Under the rulings quoted above a breach of the bond was clearly shown. The petition sufficiently alleged that the plaintiff was damaged. It showed that a levy was made and a forthcoming bond given, that the property was only advertised for sale, and that there was a failure to deliver the property at the time and place of sale, and it alleged that by reason of the breach of the bond the defendants were indebted in the amount due on the execution levied. The proof supported these allegations. The measure of damages in suits on forthcoming bonds, as fixed by section 6043 of the Civil Code of 1910, is " the value of the property at the time of its delivery under the bond with interest thereon, " with the exception that " the amount of the damages shall in no case exceed the amount of the execution levied. " The value of the property levied on in this case was admitted to be $1,267.08, and this is more than the total amount due on the execution. The condition of the bond given in this case is the same as that required by section 3301 of the Code of 1910; and in *Carr* v. *Houston Guano &c. Co.,* 105 *Ga.* 268 (1) (31 S. E. 178), the Supreme Court said: " In an action for an alleged breach of a forthcoming bond, executed under the provisions of section 2766 of the Civil Code [Civil Code of 1910, § 3301], the obligors are liable for the full value of the property replevied,

if it does not exceed the amount of the mortgage debt, or, in case it does exceed such debt, then in a sum equal to the latter, unless they show affirmatively that their failure to return the property when called for by the levying officer was caused by the act of God, and was in nowise the result of their conduct or negligence."

Counsel for the defendants insist that inasmuch as two of the older executions were levied on this property, and were superior liens, the plaintiffs were not damaged. A sufficient reply to this is that the sheriff did not seize the property under the older executions, but allowed it to remain in the hands of the defendant in execution. The plaintiffs in this case were entitled to have the cotton levied on sold and their rights adjudicated by the courts; and if the defendant in execution or his bondsman suffers by reason of the failure to produce the property for sale as provided in the bond, he has no one to blame but himself.

*Judgment reversed on main bill of exceptions; affirmed on cross-bill. Broyles, C. J., and Luke, J., concur.*