15068.   BOYD, deputy sheriff, v. CREWS et al.

BELL, J.  This was an action by a deputy sheriff, as the levying officer, for the use or benefit of the plaintiff in a mortgage fi. fa. on a forthcoming bond given in a claim case, the property being a mule.  The plaintiff in fi. fa. contended upon the trial; and offered evidence tending to show, that although, after the property had been found subject, the claimant delivered a certain mule to the sheriff at the time and place of sale as designated in the advertisement, the mule so delivered was not the one levied upon or claimed and for the forthcoming of which the claim bond had been given.  The claimant had pleaded a delivery of the identical mule claimed, but offered no evidence.  The evidence for the plaintiff in fi. fa. tended to establish further that the mule which the claimant had produced at the time and place of sale was actually sold by the sheriff in terms of the advertisement; that the plaintiff in fi. fa. at first participated in bidding, but, upon discovery that the mule was not the one levied upon or claimed, so notified the sheriff, and declined further to participate in the sale by bidding or otherwise.  The claimant himself was the highest bidder, and paid to the sheriff the amount of his bid and received the mule back.  The plaintiff in fi. fa. declined to receive any part of the proceeds of the sale, and they remained in the hands of the sheriff at the time of the filing of the present action, having never been tendered back to the claimant.  The claimant also pleaded estoppel.  At the close of the plaintiff's evidence the court directed a verdict in favor of the defendant, and this direction is assigned as error.  *Held:*

1. "In a suit on a forthcoming bond given in a claim case, it is incumbent upon the plaintiff to show that the property has been found subject to the execution, and either that a demand for the property has been made and refused, or that it was not produced at the time and place of sale as designated by the advertisement.  *Stinson* v. *Hall*, 54 *Ga.* 676."  *Coursey* v. *Consolidated Naval Stores Co.*, 22 *Ga. App.* 538 (1) (96 S. E. 397).

2. An action of this sort may be brought in the name of the levying officer (*Thompson* v. *O'Connor*, 115 *Ga.* 120 (1), 41 S. E. 242), or in the name of the plaintiff in fi. fa. *Hagedorn* v. *Powers*, 22 *Ga. App.* 189 (1) (95 S. E. 749); Civil Code, § 13.  In either case the plaintiff in execution is interested in the bond to the extent of the value of the property, if it does not exceed the amount of his judgment.  *Hart* v. *Thomas*, 75 *Ga.* 529 (1).  Even where the suit is instituted in the name of the levying officer, the plaintiff in execution is the real party at interest.  *Wortsman* v. *Wade*, 77 *Ga.* 651 (4 Am. St. Rep. 102).

3. If the claimant has not delivered the identical property described in the claim bond at the time and place of sale, it would constitute no defense to an action upon the bond that he delivered some other property which the levying officer accepted.  The act of the sheriff in receiving the wrong property was not the act of the plaintiff in fi. fa., unless the latter consented thereto or ratified it afterwards.  Such conduct on the part of the sheriff, induced by the claimant, would not, without more, divest the interest of the plaintiff in fi. fa. in the bond.  Compare *King* v. *Castlen*, 91 *Ga.* 488 (1) (18 S. E. 313); *Rowland* v. *Page*, 4

*Ga. App.* 269 (1) (61 S. E. 148); *Arnold* v. *Rhodes*, 26 *Ga. App.* 86 (3) (105 S. E. 453); *Barnes* v. *Vandiver*, 5 *Ga. App.* 162 (2) (62 S. E. 994); *Redwine* v. *Street*, 18 *Ga. App.* 77 (5) (89 S. E. 163); *Houser* v. *Williams*, 84 *Ga.* 601 (11 S. E. 129); *Williams* v. *Houser*, 90 *Ga.* 21 (15 S. E. 821). In such a case the plaintiff in fi. fa. would be entitled to the remedy upon the bond, and was not required to proceed against the sheriff, irrespective of whether the latter remedy might have been available. *Chesapeake Guano Co.* v. *Wilder*, 85 *Ga.* 550 (11 S. E. 618); *Reese* v. *Worsham*, 110 *Ga.* 449 (1) (35 S. E. 680); *United Glass Co.* v. *Chamlee*, 135 *Ga.* 152 (2) (68 S. E. 796).

4. The fact that the plaintiff in fi. fa. bid upon the property would not amount to a ratification of the act of the sheriff in receiving from the claimant other property than that specified in the bond, if on discovering the facts the plaintiff notified the sheriff thereof and declined any further participation in the sale. There can be no ratification without knowledge. *Dolvin* v. *American Harrow Co.*, 125 *Ga.* 699 (5) (54 S. E. 706, 28 L. R. A. (N. S.) 785). If the plaintiff in fi. fa. further declined to receive any of the proceeds of the sale, and did not otherwise adopt or ratify the officer's act, the fact that the proceeds of the sale remained in the hands of the levying officer, having never been tendered back to the claimant, would not estop the plaintiff in fi. fa. from instituting a suit on the bond, either in his own name or in the name of the levying officer for his benefit. Under such circumstances the holding of such proceeds by the officer would be a matter between the claimant and that officer, in which the plaintiff in fi. fa. would not be concerned, and which could not have the effect of depriving the plaintiff in fi. fa. of his right, if he chose, to use the name of the levying officer as plaintiff in the action upon the bond.

5. This being a claim bond, the sheriff or levying officer could not waive any of its terms so as to affect the interest therein of the plaintiff in fi. fa., without his consent. It is unnecessary to determine whether the same would be true in the case of a replevy or forthcoming bond given by a defendant in fi. fa., which under the Civil Code (1910), § 6042, should relate to and have effect alone between the officer to whom it is given and the defendant in execution. But see *King* v. *Castlen; Rowland* v. *Page*, and *Arnold* v. *Rhodes*, cited in paragraph 3 above. The rights of the plaintiff in fi. fa. in the two classes of bonds are to some extent different. The distinction is pointed out in *Wortsman* v. *Wade*, supra. If any of the rulings made herein are not reconcilable with *Webb* v. *Rehberg*, 18 *Ga. App.* 537 (1) (90 S. E. 100), they are controlled in principle by the decisions of the Supreme Court cited herein.

6. It follows that the court erred in directing the verdict in favor of the claimant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 23, 1924.

Action on bond; from city court of Carrollton—Judge Hood. September 7, 1923.

*S. J. Boykin, Boykin & Boykin,* for plaintiff.
*Smith & Taylor,* for defendants.