### 15551. WYNN v. MADDOX, sheriff, for use, etc.

BELL, J. 1. An action on a forthcoming bond in a claim case may be brought in the name of the levying officer or of the plaintiff in fi. fa. When the suit is brought in the name of the levying officer for the use of the plaintiff in fi. fa., the officer is only a formal party, without interest in the subject-matter, the plaintiff in fi. fa. being the real party. *Gordon* v. *McCauley*, 73 *Ga.* 667; *Martin* v. *Lamb*, 77 *Ga.* 252 (2); *Wortsman* v. *Wade*, 77 *Ga.* 651 (4 Am. St. Rep. 102). The plaintiff in fi. fa. presumably institutes the action, and may bring it in either of the forms indicated above, without the consent of the levying officer. Civil Code (1910), § 13.

2. Although it is provided in the Civil Code, § 5571, that "if the sheriff is a party to the cause, the process shall be directed to the coroner of the county, and to the sheriffs of the adjoining counties, and may be served by either, as convenience may suggest," and although the provisions of this section, where applicable, are mandatory (*Hillyer* v. *Pearson*, 118 *Ga.* 815 (1), 45 S. E. 701; *Southern Railway Co.* v. *Griffler*, 28 *Ga. App.* 646, 112 S. E. 735; *Davis* v. *Bank of Lexington*, 29 *Ga. App.* 454 (1), 116 S. E. 56; *Williams* v. *Batten*, 156 *Ga.* 620, 626, 119 S. E. 709), yet, in a suit of the character referred to in the preceding paragraph, the levying officer has no such interest in the subject-matter of the litigation as to disqualify him from serving the process, nor, therefore, as to render a compliance with this code section necessary. In such a case, where the suit is in his name, he is the agent appointed by the law both in suing and in serving the process, and his office may be consistently employed for both purposes. *Harrison* v. *McHenry*, 9 *Ga.* 164; *Flury* v. *Grimes*, 52 *Ga.* 342. "The general scheme of the law is not to trust the sheriff to perform the functions of an officer where he has the *interest* of a party. (Italics ours.) *State* v. *Jeter*, 60 *Ga.* 489, 492. "All bonds taken by public officers, under the laws of this State, shall be returned to the offices specified by law; and any person interested therein may bring suit thereon, in his own name, in any court having jurisdiction thereof." Civil Code (1910), § 13. See also *Hardwick* v. *Fidelity & Deposit Co.*, 29 *Ga. App.* 567 (1) (116 S. E. 220).

3. While it is said in 24 R. C. L. 992, § 9, that "a sheriff is incompetent to act when he is a party to the record or interested in the suit," the authorities there cited were cases in which the officer was not only a party to the record, but also a party at interest; so that they do not support the proposition that a sheriff or levying officer may not perform his usual functions in reference to a suit to which he is a party, if he is but a formal party without interest. Compare Civil Code (1910), § 6176; *Moore* v. *Brown*, 81 *Ga.* 10 (2) (6 S. E. 833); *Mattox* v. *Barry*, 136 *Ga.* 183 (1) (71 S. E. 155); Webster v. Smith, 78 Mo. 163; Avery v. Warren, 12 Heiskell (Tenn.), 559.

4. In the instant action by the sheriff of a city court for the use of the plaintiff in fi. fa., upon a forthcoming bond in a claim case, the process having been directed to the sheriff of that court and his deputies, and the service having been made upon one of the defendants by the sheriff and upon the others by a deputy, the special demurrer to the "petition

and process" and the motion to dismiss the suit, because of alleged defects in the process, filed by one of the defendants, were both properly overruled.

5. Whether the rule would be otherwise as to a forthcoming bond which the levying officer was not required by the law to accept, or if it appeared that the value of the property for which the bond was given exceeded the amount of the judgment in favor of the plaintiff in execution, it is unnecessary in this case to determine. But see *Boyd* v. *Crews,* 32 *Ga. App.* 138 (5) (122 S. E. 802); Civil Code (1910), § 6042; *Bowman* v. *Kidd,* 13 *Ga. App.* 351 (79 S. E. 167); *Hagedorn* v. *Powers,* 22 *Ga. App.* 189 (1) (95 S. E. 749); *Hart* v. *Thomas,* 75 *Ga.* 529 (1).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 13, 1924.

Action on bond; from city court of Dublin—Judge Sturgis. March 14, 1924.

*W. A. Dampier,* for plaintiff in error.