THE CHESAPEAKE GUANO COMPANY *v.* WILDER.

It was no defence to the levy of an execution that certain property as that of the defendant had formerly been levied on under the same execution and claimed by another who gave a forthcoming bond in terms of the law, that in the claim case the property was found subject, that afterwards, being advertised for sale, it was not forthcoming according to the bond, upon which suit was then instituted to recover the value of the property, and that subsequently the sheriff took the same into his possession and was proceeding to sell it when this affidavit of illegality was interposed by the defendant in execution.

May 14, 1890.

Illegality. Bonds. Executions. Before Judge HARRIS. City court of Macon.    December term, 1889.

Reported in the decision.

TURNER & WILLINGHAM, S. A. REID and T. B. WEST, for plaintiff.

M. G. BAYNE, for defendant.

BLANDFORD, Justice.

The complaint here is that the court erred in refusing to dismiss the affidavit of illegality filed by the defendant in error to an execution issued upon a judgment in favor of the plaintiff in error against the defendant in error.    The main ground relied upon in the

affidavit of illegality is this: that certain property, as the property of Wilder, had been levied on by the execution in this case, and claimed by Mrs. Mary B. Wilder as her property; that she gave a forthcoming bond for the same in terms of the law; that the claim was adjudicated against her, and the property levied upon was found subject to the payment of the judgment and execution; that afterwards, the property, being advertised for sale, was not forthcoming agreeably to the conditions of the bond; that the bond being broken, a suit was instituted thereon to recover the value of the property levied on; and that afterwards the sheriff took into his possession the property levied on and claimed, and was proceeding to sell the same when this affidavit of illegality was interposed by the defendant in error for the reasons already stated.

We think the court committed error in overruling the demurrer to the illegality and not dismissing the same. It is insisted by the defendant in error that the case of *Mapp* v. *Thompson*, 9 *Ga.* 42, is an authority to sustain his position. In that case this court simply held that in an action on a forthcoming bond given by a claimant, a plea of tender of the property levied on, after the day of sale, is bad. The bond is forfeited by the failure to deliver the property at the time and place of sale, and no subsequent act on the part of the obligors can relieve them of such forfeiture; and this was all that was decided by the court in that case upon this question. It is true that the learned judge who delivered that opinion indulges in extended remarks as to whether the lien of the judgment is not discharged by a forfeiture of the forthcoming bond given by the claimant; but what was said was simply *arguendo*, and we apprehend there can be no decision of this court found which entertains any such doctrine. Under the laws of this State, a judgment rendered by a court against a

person binds all his property, and is a lien upon the same from the date of the rendition of such judgment. And a lien thus acquired, which has been levied upon property as the property of the defendant in judgment, but claimed by another person against whom a verdict and judgment has been rendered finding the property subject to such lien, in our opinion is not extinguished by reason of the forfeiture of a forthcoming bond given by the claimant. We think the plaintiff in execution in such cases has cumulative remedy, either to go upon the obligors on the forthcoming bond on account of the breach thereof by them, or, if he can find the property, to have the same sold in satisfaction of his judgment lien. The case of *Houser* v. *Williams*, decided at the present term of this court, is also relied upon by defendant in error to sustain his contention; but it will be seen by a mere cursory examination of that decision that the question here considered was not involved in that case, or has any application to the same. The decision there was, that when a claim had been interposed and a forthcoming bond given, the sheriff had no authority to receive the property levied on and hold the same before a breach of such bond, so as to make the plaintiff in the execution chargeable with the cost and expenses of keeping the property; and this is all that was decided in that case. 84 *Ga.* 601.

We all agree that the judgment of the court below in this case was erroneous and should be          *Reversed.*