WILLIAMS, for use, *v.* HOUSER.

It was ruled by this court in this case, 84 *Ga.* 601, that "When the sheriff accepts of a claimant a forthcoming bond and releases the property under execution, he has no authority, before a breach of the bond, again to seize the property and to charge the plaintiff in execution with the expense of keeping it." It is now ruled that, after the property has been so replevied, the sheriff cannot accept a voluntary surrender of it from the claimant and charge the plaintiff in execution with the expense of keeping it.

August 27, 1892.　　　　　　　　　　　　　　*Judgment affirmed.*

Replevy bond. Cost. Sheriff. Before Judge MARTIN. Taylor superior court. November adjourned term, 1891.

An affidavit of illegality was interposed by the plaintiff to the levy of an execution for costs including a charge for feeding stock which had been levied upon under a *fi. fa.* in the plaintiff's favor and adjudged not subject to the same. The facts showing how the case arose are reported in 84 *Ga.* 601. At the last trial the sheriff testified that after the claimant withdrew her first claim, he went to her and told her she would have to give a new bond or turn the property over to him; that she filed another claim but failed to give a new forthcoming bond, and in a few days the property was driven to his lot and turned in, and he kept them until

the case was disposed of, and then turned them over to the claimant; that he did not go and get the property, but it was brought and surrendered to him, and was there two or three days before he knew the property had been put in his lot; that he wrote to the plaintiff, stating that the property had been surrendered to him and requesting him to give bond, and plaintiff wrote him that he would not give any bond and that he could do as he pleased with the property; that soon thereafter he saw plaintiff and asked him what he meant to do with the property, and he replied, "Do as you please with it; you as sheriff have a good bond, and I am protected"; and that no one would give any bond or do anything, and the sheriff had to keep the property and feed and care for it at his own expense for one hundred and ninety-three days.

The verdict was in favor of the affidavit of illegality interposed by the plaintiff. The assignments of error are upon the instruction of the court, that if the plaintiff foreclosed a mortgage and execution issued upon the foreclosure was by the sheriff levied upon the property therein described, to which levy a claim was interposed, and the claimant replevied the property by giving a forthcoming bond, and afterwards withdrew the claim, the sheriff would have no right to demand and take possession of the property upon her filing a second claim and failing to give a new forthcoming bond; and that if under these circumstances he did take possession of the property, he could not charge the plaintiff with the expense of keeping it. And upon the refusal to charge as requested: "If you believe from the testimony that the claimant withdrew her claim to the property, and after doing so, surrendered and delivered the property to the sheriff, and the plaintiff knew that the sheriff had the property in his possession and permitted the expense of keeping the stock to accrue, then the

cost taxed for keeping them would be proper and the plaintiff would be entitled to have the expense of keeping them, and you would find the issue in favor of the plaintiff."

W. S. Wallace, O. M. Colbert and Thornton & Mc-Michael, for plaintiff in error.

M. G. Bayne, contra.