## HEARD, WHITE & THOMPSON *et al. v.* DUKE *et al.*

1. Where an execution in favor of one person is levied upon the property of another, to which yet another files a claim, and for its production to answer the execution levied, executes a forthcoming bond, if the claim case be dismissed or the property thereafter found subject, and upon a suit upon the forthcoming bond a judgment be rendered in favor of the plaintiff in execution against the claimant and his surety, the moneys realized upon said last mentioned judgment should be credited upon the execution originally levied, whether the judgment upon which such execution issued was really a lien upon the property levied upon or not. The question as to whether or not as to that levy the property levied upon is subject, is concluded by the judgment on the claim case.

2. In such a case, if a person holding the real title permits the claimant of record to appropriate the property levied upon to his own use, his remedy is against the claimant, and he does not

by virtue of any supposed right to the property levied upon acquire any interest, either legal or equitable, in the proceeds of the judgment rendered in the suit upon the forthcoming bond.

3. In view of the principles above announced, the demurrer to the plaintiffs' petition should have been sustained, and, this being so, all subsequent proceedings had thereon were necessarily illegal.

February 7, 1896.

Equitable petition.　Before Judge Clark.　Newton superior court.　March term, 1895.

*Capers Dickson*, for plaintiffs in error.
*E. F. Edwards*, contra.

ATKINSON, Justice.

In the present case an execution was issued in favor of one of his judgment creditors against a person who, as the head of a family, had caused to be set apart for himself a homestead and exemption under the laws of this State. This execution was levied upon certain personal property and growing crops which were alleged to be proceeds of the homestead estate, and consequently not subject to levy or sale. The property thus levied upon was claimed by a third person who gave a forthcoming bond therefor in the terms of the statute. At the trial of the issue joined upon the claim case, the claim was dismissed, and thereupon the sheriff brought an action upon the forthcoming bond against the claimants, for the use of the plaintiffs in execution. Upon the institution of this suit, the head of the family filed a petition in which he sought to enjoin its prosecution in favor of the plaintiffs in execution, alleging that the property levied upon was really his property, and was not subject to levy and sale; that the claimant had possessed himself of the property and refused to account to him for its value; and prayed that the proceeds of any judgment recovered on the forthcoming bond should stand to his use, and not to the use of the plaintiffs in execution. The defendants demurred to this proceeding, upon the ground, among

others, that the plaintiffs showed no sufficient reason for
enjoining the suit, and did not allege any facts that would
entitle them to the other relief prayed for.    The court over-
ruled the demurrer, and proceeded with the trial of the
cause, which resulted in a verdict in favor of the plaintiffs,
and to the overruling of a motion for a new trial the de-
fendants excepted.

1. Was there equity in the plaintiffs' petition, and did the
facts alleged constitute a cause of action against the de-
fendants?    Under the view we take of this proceeding,
the plaintiffs alleged no privity between themselves and
the makers of this bond.    Whether or not the property
levied on was originally subject to the execution, was a
question between the person who claimed it and the plain-
tiffs in execution.    The claimants received it from the
hands of the levying officer, and gave a forthcoming bond,
conditioned for its production at the time and place of the
sale, in the event it should be found subject.    As between
the claimant who executed that bond and the plaintiff in
execution, the judgment dismissing the claim is equivalent
to a finding of the property subject. ·  It was the duty of
the claimant in that case, when called upon to do so, to re-
deliver the property to the levying officer, and his failure to
do this was a breach of duty, for which the levying officer
was authorized to recover against him for the use of the
plaintiffs in execution.    The head of the family was no
party to that transaction—had no interest in it.    The
claimant under the terms of his bond owed to *him* no duty,
and hence, as against him there was no breach of duty.    For
that reason he could not have maintained an action on the
bond for his own use, nor could the *sheriff* have main-
tained an action for his use.    He had no legal title to the
bond and no equitable interest in its enforcement, and, for
that reason, he had no claim, legal or equitable, upon any
of the proceeds which might have arisen from the prose-
cution of that suit.    Having no interest, he was an inter-

loper, and ought not to have been heard by the circuit judge to object to the prosecution of the suit in the form in which it had been previously commenced. The moneys realized from such a suit should be legally credited upon the execution originally levied, even though the execution itself had no lien upon the property seized under it; and under no possible view of the case could the head of the family have any interest in it.

2-3. It can make no difference, so far as the interests of the parties to this controversy are concerned, that the head of the family permitted the claimant of the property levied on to appropriate the same to his own use. If the claimant improperly acquired possession under his claim, and improperly appropriated to his own use the property levied on, his wrongful act makes a question between himself and the head of the family, and the latter does not, by virtue of any supposed right to the property levied upon, acquire any interest, legal or equitable, in the proceeds of a judgment which may be rendered in a suit upon the forthcoming bond. It follows, therefore, that he cannot maintain this action, that the circuit judge should have sustained the demurrer and dismissed the declaration; and all subsequent proceedings are therefore necessarily illegal, and the judgment denying a new trial to defendants was erroneous.

*Judgment reversed.*