## SEYMOUR *v.* HOUSE.

Personalty was levied upon and claimed. The claimant gave a forthcoming bond and took possession of the property. Subsequently, it was found subject to the execution and advertised for sale, but was not produced at the time and place of sale. The levying officer then reseized the prop-

erty, and, after again advertising, sold it under the execution. *Held,* that, under the facts recited, the claimant could not maintain an action of trover against the officer for this property.

Argued February 10, — Decided March 23, 1898.

Trover. Before Judge Proffitt. City court of Elberton. August 16, 1897.

*Z. B. Rogers,* for plaintiff. *J. P. Shannon,* for defendant.

LUMPKIN, P. J. Upon the facts summarized in the headnote, the trial judge rightly held that the plaintiff's action of trover was not maintainable. Her counsel relied here upon the decision of this court in *Houser* v. *Williams,* 84 *Ga.* 601, in which it was held that a sheriff, after accepting from a claimant a forthcoming bond and releasing the property under execution, has no authority, before a breach of the bond, to again seize the property and charge the plaintiff in execution with the expense of keeping it. In delivering the opinion of the court, the present Chief Justice, in answering the argument that the sheriff would be exposed to great loss unless authorized to retake possession of the property upon ascertaining that the makers of the forthcoming bond had become insolvent, remarked (page 606): "Perhaps it may work a hardship upon the sheriffs, but we can not undertake to decide the law in order to avoid hardships to persons. If we had the power to make the law, we might authorize the sheriff to protect himself by retaking the property when he ascertained that he had been deceived as to the solvency of the bond, or in the event the surety became insolvent after signing the bond. This, however, is a matter for the legislative branch of the government, and not for this court. His only safety now is in taking a good bond, being certain that the sureties are solvent." The above-quoted language must, however, be construed and understood in connection with the fact that in the case then in hand there had been no breach of the forthcoming bond, and it is not applicable in a case where there had been such a breach. Accordingly, in *Chesapeake Guano Co.* v. *Wilder,* 85 *Ga.* 550, in which, as in the present case, it appeared there had been a breach of the bond, the case of *Houser* v. *Williams*

was cited and distinguished, the court holding that under such circumstances the plaintiff in execution has a cumulative remedy, viz., "either to go upon the obligors on the forthcoming bond on account of the breach thereof by them, or, if he can find the property, to have the same sold in satisfaction of his judgment lien." This latter remedy of the plaintiff in execution would, of course, be derivable only from the right of the sheriff to reseize the property, if within his reach.

*Judgment affirmed. All concurring, except Cobb, J., absent.*