## REESE, guardian, *et al. v.* WORSHAM & COMPANY.

1. Where a claimant of personalty which had been levied on was allowed by the officer to retain possession thereof upon giving to him a bond with security, conditioned " to have the said described personal property forthcoming to answer the final judgment of the court in said case and pay the final condemnation-money as provided by the statute," and the property was subsequently found subject, the principal and surety were liable in the event they failed to comply with the conditions named in the bond, and were not relieved therefrom by afterwards delivering the property to the same officer upon a regular forthcoming bond given in another claim case arising upon the levy of a junior execution.

2. That the plaintiff in the senior execution, after obtaining in the justice's court a judgment on the first bond, did not seek to have the proceeds of the sale of the property under the junior execution applied to the senior execution, or object to the application of such proceeds to the junior execution, would not afford a sufficient reason for discharging the surety on the trial of an appeal entered to the judgment rendered against him and his principal in the magistrate's court.

Argued March 6, — Decided April 7, 1900.

Action on bond. Before Judge Felton. Bibb superior court. April term, 1899.

*Hope Polhill,* for plaintiffs in error.
*E. P. Johnston* and *J. R. L. Smith,* contra.

COBB, J. Mrs. Lancaster (now Mrs. Reese) gave to Worsham & Company a mortgage upon certain personal property. The debt secured by this mortgage not having been paid when due, a foreclosure was had, on which execution was issued and levied upon certain of the property embraced in the mortgage. Mrs. Reese as guardian interposed a claim to the property lev-

ied on, and executed a bond with J. W. Hart as security, conditioned "to have the said described personal property forthcoming to answer the final judgment of the court in said case and pay the final condemnation-money as provided by the statute." The claim case proceeded to trial, and resulted in a verdict and judgment subjecting the property to the payment of the mortgage execution. The levying officer duly advertised the property for sale, and gave personal notice to Mrs. Reese and to Hart of the time and place of sale. Mrs. Reese did not produce the property on the day of sale, and Worsham & Company brought suit in the justice's court for a breach of the bond. This suit was appealed to the superior court, and on the trial of the appeal it appeared that, subsequently to the execution of the Worsham mortgage, Mrs. Reese had executed to one Ryals a mortgage on the same property as that described in the Worsham mortgage. This mortgage had also been foreclosed and execution issued and levied upon the property after the date of the execution on the Worsham mortgage. To this levy Mrs. Reese as guardian also interposed a claim, and gave a forthcoming bond. On the trial of this claim case the property was found subject. The levying officer advertised the property for sale, which was to take place one month later than the day on which the property was advertised to be sold under the Worsham execution. Mrs. Reese produced the property to be sold under the Ryals execution, and it was sold and the proceeds of the sale applied to that execution. On the same day that this sale took place, Worsham & Company recovered in the justice's court a verdict against Mrs. Reese and Hart as security for a breach of the bond. Mrs. Reese contended that, under the facts above detailed, judgment ought to be rendered in favor of the defendants. Hart filed a separate plea setting up that the conduct of the plaintiffs and their attorney had been such as to increase his risk and expose him to greater liability, in that he (Hart) had notified the officer conducting the sale under the Ryals execution to apply the proceeds to the senior execution of Worsham & Company, but that the officer, under the advice of counsel for Worsham & Company, had applied the proceeds of the sale to the Ryals execution. On the trial Hart offered to

prove by the officer who conducted the sale that counsel for defendants had instructed him to apply the fund in his hands to the Worsham execution, and that the officer thereupon consulted with counsel for the plaintiffs, and he did not object to the appropriation of the money to the Ryals execution, stating that he had proceeded on the bond and obtained judgment against the defendants. This evidence was objected to by the plaintiffs, on the ground that at the time plaintiffs' attorney made the statement above referred to there had already been a breach of the bond and judgment recovered thereon in the justice's court by the plaintiffs, and on the further ground that the evidence was irrelevant and immaterial. The objection was sustained and the evidence rejected. After the evidence was all in, the court directed the jury to return a verdict finding in favor of the plaintiffs. The defendants thereupon excepted, assigning as error the direction of the verdict and the refusal to admit the evidence above referred to.

1. The bond sued on in the present case was not void. It is true it is not a statutory forthcoming bond; for the statute requires that such a bond shall be conditioned " for the delivery of [the] property at the time and .place of sale." Civil Code, § 4614. Indeed, the bond sued on was not a statutory bond at all. There is no provision of law allowing a claimant of property to retain possession thereof upon the execution of such a bond. The levying officer may be liable in damages for his failure to take a regular forthcoming bond, but, as between the obligor and her surety and the plaintiff in execution, the bond actually executed was a good contract and enforceable as such. If, therefore, there has been a breach of the contract, the defendant in execution is liable to the plaintiffs in execution for whatever damages they have sustained by reason thereof.

There is nothing in the above views to conflict with the decision in *King* v. *Castlen,* 91 *Ga.* 488. When read in the light of its facts, that case simply rules that parol promises made by the sheriff to a claimant, both before and after he had executed a perfect statutory forthcoming bond, that he (the sheriff) would sell the property, which was heavy and expensive to transport, where it was situated, instead of at the court-house door, were

void.   Any language in the headnote or opinion which would
indicate any other ruling is purely obiter.   The bond sued on
in the present case was not a forthcoming bond at all, nor was
there any effort to vary the terms of the same by any parol
promise of the levying officer; and consequently the principle
of the decision referred to can have no application whatever.
Mrs. Reese contracted "to have the said described personal
property forthcoming to answer the final judgment of the court."
This she failed to do when, after notice, she omitted to have the
property forthcoming, to be sold in satisfaction of the claim of
plaintiffs.   See *Brumby* v. *Barnard*, 60 *Ga.* 292.   That she sur-
rendered it in obedience to a regular forthcoming bond subse-
quently given by her when she filed a claim to the levy of an
execution junior to the one under which the first claim was
filed will not relieve her from liability on her contract with
plaintiffs.

2.   There having been a breach of the contract, the plaintiff in
execution had a right either to proceed against the defendant
in execution and her surety for a breach of the contract, or to
have the property sold, if he could find it, in satisfaction of his
mortgage lien.   *Chesapeake Guano Company* v. *Wilder,* 85 *Ga.*
550, 552.   It was, therefore, no concern of the surety that the
plaintiff in execution elected to pursue the first remedy.   The
surety contends, however, that the evidence rejected set forth
facts which showed that by the act of the plaintiff in execution
his risk had been increased and he had been exposed to greater
liability within the meaning of section 2972 of the Civil Code.
Conceding that a positive direction by the plaintiff in execution
to the officer to apply the proceeds of the sale to the junior
rather than to the senior execution would be such an act as would
increase the risk of the surety or expose him to greater liability
within the meaning of that section, we do not think the evidence
rejected, properly construed, warrants the conclusion that the
plaintiff in execution or his attorney did this.   The evidence
was, that counsel for the plaintiff in execution did not *object*
to the appropriation of the money to the junior execution, say-
ing that he had proceeded on the bond and obtained judgment.
In other words, his position was that he had elected his remedy,

that is to sue on the bond, had obtained judgment, and was content to rely on his ability to enforce the judgment. Occupying this position, it of course made no difference to him what disposition was made of the money which arose from the sale of the property. There was no error in directing a verdict in favor of the plaintiffs.

*Judgment affirmed. All the Justices concurring.*