4547. GREGORY & BROTHER *v.* HENDRICKS *et al.*

Where a defendant in execution files an affidavit of illegality and executes a bond conditioned to produce the property and to pay the eventual condemnation money, and, after final judgment against him in the illegality case, he fails to produce the property on demand, the plaintiff in execution is entitled to recover from the principal and the sureties on the bond the amount of the judgment rendered in the illegality case.

DECIDED MARCH 18, 1913.

Action on bond; from city court of Tifton—Judge R. Eve. November 21, 1912.

C. E. Hay, George E. Simpson, for plaintiffs.
R. D. Smith, for defendants.

POTTLE, J. On the foreclosure of a mortgage on personal property, the execution was levied, and the defendant filed an affidavit of illegality, and was allowed to retain possession of the property upon his executing a bond containing an obligation to "produce or cause to be produced and forthcoming the said property described, to answer the judgment in said case," and to "well and truly pay the eventual condemnation money, whatever it may be." The trial of the illegality case resulted in a verdict for the plaintiffs in fi. fa., "for the full amount sued for," together with 25 per cent. thereof as damages for delay; and judgment was entered accordingly. Thereafter demand for the property was duly

made upon the principal and the sureties on the bond, and they failed and refused to produce the property. Suit was brought upon the bond, the petition alleging the facts above recited and averring that the plaintiffs were entitled to recover the amount of the judgment rendered in the illegality case. There was no allegation in reference to the value of the property levied upon. The petition was dismissed on demurrer, and the plaintiffs excepted.

The bond required in an illegality case is for the forthcoming of the property levied on. Civil Code, § 5305. The bond sued on was not a statutory bond, but was nevertheless a good common-law obligation. The defendant in execution retained possession of the property upon giving a bond not only to produce the property, but also to pay the eventual condemnation money. This was a valid and binding obligation. *Reese* v. *Worsham,* 110 *Ga.* 449 (35 S. E. 680, 78 Am. St. R. 109). This is conceded by counsel for the defendants, but he insists that the plaintiffs were entitled to recover only the damages sustained by reason of the breach of the bond, and that the measure of these damages was the value of the property which the defendants failed to produce. The obligation of the principal and the sureties in the bond was to pay the eventual condemnation money,—that is to say, the amount of the judgment which the plaintiffs should recover in the illegality case. It is true, as contended by counsel for defendants, that the plaintiffs would be entitled only to recover the damages which they had sustained, but the obligation on the part of the defendants to pay the eventual condemnation money was, in effect, an agreement that if they did not produce the property, the plaintiffs would be damaged to the amount of the judgment which the plaintiffs should recover. They can not go behind this agreement and show that the plaintiffs' damages were really less than the amount of the judgment. Having retained and converted to their own use all the property levied upon, by agreeing to pay the eventual condemnation money, they must stand by the letter of their bond. In *Reese* v. *Worsham,* supra, an examination of the original record shows that suit was brought on a bond similar in terms to the one given by the defendant in this case,—to recover the amount of the judgment which had been previously rendered in favor of the plaintiff in fi. fa.,—and a verdict for this amount was directed in his favor. That decision is therefore controlling. The judge erred in dismissing the petition on demurrer. · *Judgment reversed.*