15894. PEACOCK HARDWARE COMPANY *v.* ALLEN.

Where a claim to property levied upon has resulted in a verdict finding the property subject to the fi. fa., and the forthcoming bond given by the claimant has been breached, and it does not appear whether the plaintiff in fi. fa. has elected to have a reseizure of the property in lieu of proceeding upon the bond, there is no basis for a second claim, by another claimant, and where such second claim has been received by the levying officer and returned to the court for trial, a motion by the plaintiff in fi. fa. to dismiss it should be sustained.

DECIDED APRIL 11, 1925.

Claim; from Bleckley superior court—Judge Graham. September 1, 1924.

To a levy upon personalty under a mortgage fi. fa., the defendant's wife, Mrs. Laura L. Allen, interposed a claim, and the property was delivered to her under her forthcoming bond. Upon the trial of the claim the property was found subject, and thereafter the claimant breached her bond by failing to deliver the property at the time and place of sale as duly advertised. On the day of the breach, but after its occurrence, the defendant's mother, Mrs. L. J. Allen, tendered a claim which the levying officer accepted and returned to court. When these facts appeared, without dispute, during the trial of the second claim, the plaintiff in fi. fa. made a motion to dismiss it, on the ground that it was illegally received and returned by the levying officer. The motion was overruled, and the trial resulted in a verdict in favor of the claimant. The plaintiff in fi. fa. excepted to the overruling of its motion for a new trial and to the refusal of its motion to dismiss the claim.

*H. McWhorter, J. M. Bleckley,* for plaintiff.

*W. A. Wooten, C. A. Weddington,* contra.

BELL, J. (After stating the foregoing facts.)

It is provided in the Civil Code, § 5157, that when any sheriff or other officer shall levy an execution or other process on property claimed by a third person not a party to the execution, such person, his agent, or attorney shall make oath to the property; but certainly the right to file such a claim does not continue indefinitely. No one would suppose that a claim to property could be filed after the property had been levied upon and sold, and it would seem to the writer that a claim would be too late in any case when the property was no longer in the custody and control of the court. Although there are physical precedents to the contrary, it is my

individual opinion that after property has been delivered to one claimant under a forthcoming bond, there is no room for a further claim by another unless and until the property shall have been restored to the levying officer. Where a forthcoming bond has been given by a defendant in fi. fa. under the terms of the Civil Code, §§ 6041 and 6042, the defendant in fi. fa. holds the property as the agent of the levying officer (*Roebuck* v. *Thornton,* 19 *Ga.* 149; *Smith* v. *Davis,* 3 *Ga. App.* 419 (2), 60 S. E. 199); and since the property in that case would remain in the constructive possession of the levying officer, the holding of it by the defendant in fi. fa. would be no obstacle to the filing of a claim by a third person. But a bond of the character just mentioned, which is one that the officer is not required to take (*Hand* v. *Brown,* 144 *Ga.* 272 (1), 86 S. E. 1080), differs quite materially in its consequences from a forthcoming bond given with a claim under the Civil Code, § 5160. Where a proper bond of the latter class is duly tendered, and the property is in the *actual* possession of the levying officer (*Phillips* v. *Saunders,* 15 *Ga.* 518 (1)), he is ordinarily bound to deliver the property over to the claimant. *Wortsman* v. *Wade,* 77 *Ga.* 651 (4 Am. St. Rep. 102); *Boyd* v. *Crews,* 32 *Ga. App.* 138 (5) (122 S. E. 802). It would seem to follow that where the sheriff or levying officer has delivered property to a claimant under a forthcoming bond given under the terms of the Civil Code, § 5160, the property, while it thereafter remains in the possession of the claimant or until it is again lawfully taken by the levying officer, is not to be considered as continuing in the custody of the court. The claimant is not the agent of the officer in keeping the property. *Houser* v. *Williams,* 84 *Ga.* 601 (11 S. E. 129); *Williams* v. *Houser,* 90 *Ga.* 21 (15 S. E. 821). If upon the trial of the claim case the property should be found not subject, it would never be restored to the officer from whom it was received. On the other hand, if it should be found subject, and the bond breached, it might or might not be so restored, according to the plaintiff's election and the possibility of a reseizure. The writer is therefore of the opinion that after property has been delivered to one claimant under a forthcoming bond, it is too late for another claim to be filed by some other person, since the property is for the time being not subject to the control of the court, and may never again become subject. If the property should be subsequently

acquired by the court, the right of another to file a claim would be revived. What is said above, however, is not essential to a decision of the present case, and does not constitute any part of the court's opinion. The writer takes the pains himself to tag it as obiter and to absolve his associates from any responsibility therefor.

We come now to a consideration of the case in hand. It appears in the record before us that the bond of a first claimant had been breached. Where property levied upon has been delivered to a claimant under a forthcoming bond, and the bond has been breached, the plaintiff in execution has the right "either to go upon the obligors on the forthcoming bond on account of the breach thereof by them, or if he can find the property, to have the same sold in satisfaction of his judgment lien." *Greer* v. *Pate,* 85 *Ga.* 550, 552 (11 S. E. 869) ; *Reese* v. *Worsham,* 110 *Ga.* 449 (2) (35 S. E. 680, 78 Am. St. Rep. 109) ; *Seymour* v. *House,* 103 *Ga.* 676 (30 S. E. 655). Where the property has not been re-seized, there is no property in the hands of the sheriff to be claimed. Construing the motion to dismiss as being silent as to whether or not a reseizure had been made, we think that before a further claim could be filed by another,-where a breach of the forthcoming bond given by a first claimant appeared, the burden would be upon the second claimant to show that the property had been retaken by the levying officer, since there would be no presumption as to what would be the election of the plaintiff in fi. fa., whether he would endeavor to proceed further against the property, or content himself with a suit upon the forthcoming bond. It does not appear that the plaintiff in fi. fa. was seeking to subject the property or that he would ever do so. If he elected to rely upon the bond, he could not be forced to litigate the question of title with a second claimant whose interest in the property could not be affected by an action upon the bond of the first claimant. In these circumstances the second claim would be moot. Compare *Anderson* v. *Banks,* 92 *Ga.* 121 (18 S. E. 364) ; *O'Neill Mfg. Co.* v. *Harris,* 120 *Ga.* 467 (4) (47 S. E. 934) ; *McFarland* v. *Lee,* 10 *Ga. App.* 698 (2) (73 S. E. 1091) ; *Salmon* v. *Lynn,* 16 *Ga. App.* 298 (2) (85 S. E. 203).

"Where an execution in favor of one person is levied upon the property of another, to which yet another files a claim, and for its production to answer the execution levied, executes a forth-

coming bond, if the claim case be dismissed or the property thereafter found subject, and upon a suit upon the forthcoming bond a judgment be rendered in favor of the plaintiff in execution against the claimant and his surety, the moneys realized upon said last mentioned judgment should be credited upon the execution originally levied, whether the judgment upon which such execution issued was really a lien upon the property levied upon or not. The question as to whether or not as to that levy the property levied upon is subject, is concluded by the judgment on the claim case. In such a case, if a person holding the real title permits the claimant of record to appropriate the property levied upon to his own use, his remedy is against the claimant, and he does not by virtue of any supposed right to the property levied upon acquire any interest, either legal or equitable, in the proceeds of the judgment rendered in the suit upon the forthcoming bond." *Heard* v. *Duke,* 98 *Ga.* 134 (1, 2) (26 S. E. 485). Although the decision of the Supreme Court, from which we have just quoted, was rendered upon a state of facts somewhat different from those presented by the present record, we are of opinion that the principles therein enunciated are applicable and controlling in the case at bar. We conclude that the court was in error in refusing to dismiss the claim. This we think is still more apparent when we contemplate the position occupied by the court after verdict and judgment in favor of the claimant. How could the judgment be enforced? The court could not deliver the property to the claimant, because it was in the possession of the first claimant under her forthcoming bond, unless disposed of. It was only for the plaintiff in fi. fa. to say whether the property should be reseized. The plaintiff had the right to elect to proceed upon the bond. A second claimant could not compel a different election. The plaintiff in fi. fa. did not have the property and could not be required to account thereafter to the claimant, when the law had required it to be delivered to the first claimant under the forthcoming bond. The court should not have retained the second claim for trial when under all the facts it appeared that it would be impossible to enforce any judgment that might be rendered therein.

It only remains to notice three decisions of the Supreme Court, which at first glance might appear to militate against the ruling just made. In *Lackey* v. *Mize,* 75 *Ga.* 692, it was held that in a

42

suit upon a forthcoming bond against a first claimant, a verdict and judgment in favor of a second claimant was admissible in evidence. In the opinion it was said that the "claim papers, with the verdict and judgment thereon, should have been admitted in evidence, to show that this plaintiff was not damaged, because the property not delivered belonged, not to the defendant in execution, but to another, who had paramount title to his, so adjudged in a case in which this plaintiff was a party and this execution was levied." In that case the plaintiff in fi. fa. made no motion to dismiss the second claim, but voluntarily joined issue therewith, and in doing so brought upon himself the consequences of the verdict and judgment against him. Likewise there was no motion to dismiss the claim in *Aycock* v. *Austin,* 87 *Ga.* 566 (13 S. E. 582). Whether such a motion would have been sustainable or not, the forthcoming bond sued on there was given, not in a claim case, but by the defendant in fi. fa., subject to §§ 6041 and 6042 of the Civil Code. We have already referred to the difference in the two classes of bonds. Furthermore, the language of the Supreme Court in that case, to the effect that a recovery might be had on the forthcoming bond pending the claim, and that the sheriff would hold the money collected in the suit for whomsoever it might concern, was obiter and is not binding. The same observations may be made with reference to a like statement in the second division of the opinion in *Wall* v. *Finney,* 136 *Ga.* 110 (70 S. E. 658), in which reference is made to the *Aycock* case. It would seem quite incorrect to hold that money collected in a suit upon the forthcoming bond should be distributed to one who had filed and successfully prosecuted a claim to the property for which the forthcoming bond had been given, since the claimant was no party to the bond and had no property interest therein. The bond could in no sense have been a substitution for the property in so far as the claimant was concerned. But whatever may be the rule with respect to the proper disposition of the proceeds of a suit upon a forthcoming bond given by a *defendant in fi. fa.,* where it appears that the title to the property was in a third person, the law applicable to a forthcoming bond in a claim case is that "if a person holding the real title permits the claimant of record to appropriate the property levied upon to his own use, his remedy is against the claimant, and he does not by virtue of any supposed right to the

property levied upon acquire any interest, either legal or equitable, in the proceeds of the judgment rendered in the suit upon the forthcoming bond." *Heard* case, supra.

The court having erred in refusing to dismiss the claim, the subsequent proceedings were nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*